United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Nicholas J. and Andrea J. Enderle,　　　　　　　　　　　Case No. 05-51628-R
　　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 13
_____/

Supplemental Opinion Regarding Ford Motor Credit Company's
Motion for Allowance of Administrative Expense Claim

Ford Motor Credit Company filed a motion for allowance of administrative expense claim. The debtors filed an objection. The Court conducted a hearing on August 23, 2006, and granted Ford an administrative expense claim of $852.32. This opinion supplements the oral opinion given in open court.

I.

The debtors filed their chapter 13 petition on April 12, 2005. On July 21, 2005, the Court confirmed the debtors' chapter 13 plan. The debtors had a vehicle lease with Ford Motor Credit for a 2003 Ford Ranger which the debtors assumed in their chapter 13 plan.

On December 12, 2005, Ford Motor Credit filed a motion to lift stay because the debtors were in default on their lease payments in the amount of $633.76. The stay was lifted and the vehicle was sold at auction on February 22, 2006, for $10,150. Following the sale, the debtors owed a deficiency balance on the lease of $852.32.

Ford Motor Credit contends that it is entitled to an administrative expense claim pursuant to § 503(b)(1)(a) in the amount of $1,477.32, which includes $625 for attorney fees.

The debtors argue that the motion should be denied because the lease assumption conferred

no benefit upon the estate.

II.

11 U.S.C. § 503(b)(1)(A) states that an administrative expense will be allowed for the "actual, necessary costs and expenses of preserving the estate."

In *In re Masek*, 301 B.R. 336 (Bankr. D. Neb. 2003), the debtors defaulted on a vehicle lease that they had assumed pursuant to their confirmed chapter 13 plan. After the lessor repossessed and sold the vehicle, there remained a deficiency balance of $3,439.36. The lessor sought to have the deficiency paid as an administrative expense. The court stated:

> A debtor's assumption of a lease or executory contract changes the posture of the relationship between the parties to the contract. Some courts have explained the act of assuming a lease as "an act of administration that created an obligation of the postpetition bankruptcy estate which is legally distinct from the obligations of the parties prior to the assumption." *In re Pearson*, 90 B.R. 638, 642 (Bankr. D.N.J. 1988) *(citing Samore v. Boswell (In re Multech Corp.)*, 47 B.R. 747, 750-51 (Bankr. N.D. Iowa 1985)). A breach of the assumed obligations therefore constitutes a post-petition breach of post-petition obligations under 11 U.S.C. § 365(g)(2)(A), and is afforded administrative expense priority. *Pearson*, 90 B.R. at 642. Allowance of administrative expenses under § 503(b)(1)(A), combined with the power to assume an executory contract or unexpired lease in a Chapter 13 plan under § 1322(b)(7), renders claims resulting from assumption of a lease actual and necessary costs of preserving the bankruptcy estate. *Id.* at 644.

*Masek*, 301 B.R. at 337.

The court in *In re Hall*, 202 B.R. 929 (Bankr. W.D. Tenn. 1996), came to the same conclusion. There, the debtor assumed a residential lease as part of her chapter 13 plan. After the debtor defaulted, the lessor sought to have its claim for post-petition rent paid as an administrative

expense. The *Hall* court relied primarily on the decisions in *Pearson*, 90 B.R. 638, and *Multech*, 47 B.R. 747. With respect to *Multech*, the court stated:

> The main issue presented to the *Multech* court was how did rejection of a lease assumed post-petition affect debtor's case. The court held that lessor's entire claim for damages, including rent arrearages, resulting from the breach was to be paid as an administrative expense. *Id.* at 750. In reaching this decision, the court had little difficulty in deciding why rejections of assumed leases entitled lessors to administrative expense claims. The *Multech* court relied on the case of *Cramer v. Mammoth Mart, Inc.* (*In re Mammoth Mart, Inc.*), 536 F.2d 950 (1st Cir. 1976), in saying that because filing bankruptcy creates a new judicial entity separate and apart from the pre-petition debtor, the actions taken by this new entity were clearly acts of administration of the bankruptcy estate. *Multech*, 47 B.R. at 750. Therefore, the post-petition debtor (or debtor-in-possession in the case of chapter 11) acts in an administrative capacity when assuming the unexpired lease. The court went on to say that when such lease is then rejected by a post-petition debtor, the injuries and claims arising from such rejection are entitled to administrative expense priority. *Multech*, 47 B.R. at 751.

*Hall*, 202 B.R. at 935 (footnotes omitted).

Regarding *Pearson*, the *Hall* court stated:

> [T]he *Pearson* court looked to sections 365(g), 502(g), 503(b), and 1322(a) to decide that the debtor's assumption and subsequent rejection were acts of administration. Section 365(g), the court stated, exempted rejections of leases assumed post-petition from § 502(g)'s general classification of breaches as giving rise to pre-petition claims. *Id.* at 640. Next, the *Pearson* court turned to the *Multech* analysis for the "new judicial entity" theory. The *Pearson* court fully agreed that a post-petition assumption of an unexpired lease was an act of administration and that an eventual rejection of that lease by the debtor gives rise to an administrative expense claim for all damages arising from said breach. *Pearson*, 90 B.R. at 641. Finally, the *Pearson* court looked at the § 503(b)(1)(A) allowance of administrative expenses in conjunction with the § 1322(a)(7) power to assume unexpired leases in the plan. These two sections, the court

3

> felt, worked together to make claims resulting from assumption of a lease actual and necessary costs of preserving the estate. *Pearson*, 90 B.R. at 642.

*Hall*, 202 B.R. at 935.

Thus, the *Hall* court concluded that the lessor's claim for post-petition rent defaulted on by the debtor was entitled to administrative expense priority. *Hall*, 202 B.R. at 938.

The Court concludes that the reasoning of *Masek* and *Hall* is sound and should be followed here. Accordingly Ford Motor Credit is allowed an administrative expense claim in the amount of $852.32.

However, Ford Motor Credit's request for an administrative expense claim of $625 for attorney fees is denied because that expense was not an expense of preserving the estate, as required by 11 U.S.C. § 503(b)(1)(A).

FOR PUBLICATION

**Entered: October 05, 2006**

                                                                    **/s/ Steven Rhodes**
                                                                     **Steven Rhodes**
                                                                       **Chief Bankruptcy Judge**